# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIDDLE EAST FORUM<br>1500 Walnut Street, Suite 1050<br>Philadephia, PA 19102<br><br>    **Plaintiff,**<br><br>    v.<br><br>UNITED STATES AGENCY FOR<br>INTERNATIONAL DEVELOPMENT<br>1300 Pennsylvania Ave. NW. Room 2.7-072<br>Washington, D.C. 20523<br><br>    **Defendant.** | Civil Action No. 18-529 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff MIDDLE EAST FORUM ("MEF") for its complaint against Defendant UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT ("the Agency" or "USAID"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to a FOIA request to USAID submitted August 25, 2017.

2. USAID has improperly denied the request by failing to provide an initial determination in accordance with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

3. Plaintiff requested fee waivers for the request, as provided by FOIA, due to the public interest in the information the records address and, expressly in the alternative, the media and educational status of the requester.

1

4. Plaintiff expressly noted the search terms and probable locations of the records it was seeking as well as describing the significant public interest in these records.

5. USAID has not given plaintiff any estimate the volume of records responsive to the request, nor a date by which responsive records would be produced, nor has it responded to plaintiff's request for a fee waiver.

6. USAID therefore has failed to properly respond to plaintiff's request.

7. Accordingly, plaintiff files this lawsuit to compel the USAID to comply with the law and produce the properly described public records in these FOIA requests.

## PARTIES

8. Plaintiff Middle East Forum ("MEF") has been and independent tax exempt 501(c) (3) nonprofit organization based in Philadelphia since 1994. MEF promotes American interests in the Middle East and protects Western values from Middle Eastern threats. The Forum sees the region - with its profusion of dictatorships, radical ideologies, existential conflicts, border disagreements, corruption, political violence, and weapons of mass destruction- as a major source of problems for the Unites States. Accordingly MEF urges bold measures to protect Americans and their allies. In the Middle East MEF focuses on ways to defeat radical Islam; work for Palestinian acceptance of Israel; develop strategies to contain Iran; and deal with the great advances of anarchy. At home MEF emphasizes the dangers of Islamism; protects the freedoms of anti-Islamic authors, and publishers; and works to improve Middle East studies.

9. Defendant United States Agency for International Development ("USAID") is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this is brought in the District of Columbia, and because the defendant maintains offices in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

11. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

## FACTUAL BACKGROUND

12. On August 25, 2017 plaintiff submitted a FOIA requests to USAID, seeking communications concerning a grant given to World Vision Inc..

13. Plaintiff specified that the award ID was AID-OFDA-G-14-00023-001 and that the request sough information concerning the sub-grantee Islamic Relief Agency based in Khartoum, Sudan.

14. Plaintiff provided specific keywords to assist the agency in locating records, and noted the types of records it was seeking, such as grant or sub-grant applications, approval documents, grant policy documents, or sub-grant relationship documents.

15. Plaintiff also noted that the documents being sought were most likely located in the Bureau for Africa.

### Defendant's Reply and Subsequent Proceedings

16. USAID assigned the August 25, 2017 FOIA request FOIA number F-00277-17.

17. On September 22, 2017 plaintiff contacted USAID by phone, which was then followed up with by email. During that conversation, the Agency claimed that the request was

being perfected, and acknowledged that plaintiff had asked for an estimate of the number of responsive documents, and for rolling production of documents. The Agency stated it would soon contact plaintiff with answers regarding the request.

18. On September 29, 2017 the Agency contacted plaintiff by email to inform plaintiff only that the request was being processed, that the Agency would work to complete the search within the coming weeks, and that plaintiff would be updated again in the future.

19. On January 26, 2018 plaintiff contacted the Agency by email to again determine the status of the request. The agency responded that it was experiences a backlog of requests and would respond shortly.

20. On January 30, 2018, the agency informed plaintiff by email that it believed that some information in the responsive records might be protected from disclosure by FOIA Exemption b(4) and pursuant to Executive Order 12600 (June 23, 1987) it would provide pre-disclosure notice to the submitter of the information, who would have 10 days to object.

21. Since the letter of January 30, 2018, the Agency has not contacted plaintiff, or nor provided a substantive response of any kind. It has failed to provide a schedule of production, or otherwise comply with FOIA's requirements within that 20-day timeframe. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

22. The Agency also failed to make any determination as to plaintiff's fee waiver, nor did it contact plaintiff seeking more information regarding the fee waiver request.

23. By failing to respond to plaintiff's request in the required time in violation of statutory deadlines, defendant has also waived any ability to now seek fees.

24. Plaintiff has constructively and actually exhausted the administrative process as regards this request, because of USAID's failure to abide by FOIA's statutory deadlines.

## ARGUMENTS

25. Transparency in government is the subject of high-profile executive branch promises arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

26. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

27. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.  HHS did not seek additional information from plaintiffs regarding the request at issue in this suit.

28. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

29. Defendant USAID owes plaintiffs records responsive to the requests at issue in this suit, which request reasonably described the information sought and was otherwise filed in compliance with applicable law, subject to legitimate withholdings, and has failed to provide responsive records or any substantive response in violation of statutory deadlines.

30. Further, plaintiff notes that defendant has waived fees and/or waived its ability to assess fees under § 552(a)(4)(A)(viii) by failing to substantively respond to plaintiffs within the statutory deadline(s). The USAID, therefore, has waived all fees and must produce the requested documents as required by law.

### FIRST CLAIM FOR RELIEF
**Seeking Declaratory Judgment**

31. Plaintiff re-alleges paragraphs 1-30 as if fully set out herein.

32. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

33. Plaintiff asks this Court to enter a judgment declaring that:

    a.     The USAID records as specifically described in FOIA request F-00277-17 is subject to release under FOIA;

    b.     USAID must release those requested records or segregable portions thereof subject to legitimate exemptions;

    c.     USAID may not assess or seek costs and fees for the request at issue in this case, as plaintiffs are entitled to a waiver of their fees.

## SECOND CLAIM FOR RELIEF
### Seeking Injunctive Relief

34. Plaintiff re-alleges paragraphs 1-33 as if fully set out herein.

35. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's FOIA requests, without fees, subject to legitimate withholdings.

36. Plaintiff asks the Court to order the defendant to produce to plaintiffs, within 30 business days of the date of the order, the requested records described in plaintiffs' FOIA request, subject to legitimate withholdings.

37. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiffs receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiffs' challenges to defendant's withholdings and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

38. Plaintiff re-alleges paragraphs 1-37 as if fully set out herein.

39. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

40. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA request at issue in this case.

41. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff request the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 7th day of March, 2018,

By Counsel:

*Chaim Mandelbaum*

_____
Chaim Mandelbaum, Esq.
D.D.C. Bar No. VA 86199
726 N. Nelson St, Suite 9
Phone: (703) 577-9973
chaim12@gmail.com